## East St. Louis and St. Louis Express Company, Appellee, v. Illinois Traction Company, Appellant.

1. VERDICTS—*how excessiveness may be cured.* A verdict for an excessive amount may be cured by the entry of a *remittitur.*

2. INSTRUCTIONS—*when modification proper.* If an instruction as presented would be calculated to mislead, a modification which cures that vice is proper.

East St. L. and St. L. Ex. Co. v. Ill. Trac. Co., 169 Ill. App. 24.

Assumpsit. Appeal from the City Court of East St. Louis; the HON. MORTIMER MILLARD, Judge, presiding. Heard in this court at the October term, 1911. Affirmed on remittitur. Opinion filed March 21, 1912.

H. C. DILLON and W. S. LOUDEN, for appellant.

TAYLOR & MAYER and D. J. SULLIVAN, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The facts upon which this suit is based, grow out of the following transaction: On October 10, 1906, appellant entered into a written contract with appellee, whereby the latter was to haul all freight from the terminals of appellant to its warehouses in East St. Louis, Venice and Madison, Illinois, and St. Louis, Missouri. Appellee was to receive for each hundred weight of freight hauled, an amount stated in the contract, which was not the same for all warehouses, but depended upon the amount of service to be rendered. The contract provided that appellant should pay appellee the sum of 75 cents per hour, or any fractional part thereof, for any delays occasioned by appellant to the teams of appellee, in excess of one hour. The contract covered a period of fourteen months, but at its expiration on December 10, 1907, it was continued in force and both parties acted under it up to and including April, 1909. During all this time, monthly settlements were had between the parties which, up to June, 1907, included the settlement of penalties for delays in excess of one hour. Appellee claims that after that time the payment of such penalties was not made and that there was due it for such delays from June, 1907, to April, 1909, inclusive, the sum of $1386.20 and brought this suit in assumpsit to recover that amount.

The jury returned a verdict in favor of appellee

for $1382.70 and it is from a judgment for that amount that this appeal is prosecuted.

Appellant claims that the verdict was not supported by the evidence and that the court erred in regard to the instructions.

The only evidence on the part of appellee in addition to the contract, was the testimony of F. W. Morrison, who was president, and principal owner of the stock, of appellee and managed its business, while the only evidence on the part of appellant was 29 voucher checks for settlements made between the parties and two statements appearing to show the arrival and departure of the wagons from appellant's terminals in April and May, 1907. Mr. Morrison testified that when the first voucher was turned in which failed to contain the settlement for overtime, on complaint of B. F. Tabler, who was the district traffic manager of appellant, the latter stated to him that they would "fix it up later." By the course of business adopted between the parties when a wagon was hauled by the teams of appellee to appellant's platform to be unloaded by the latter's men, they were entitled to one hour to unload the same, but if the wagon was not unloaded at the end of the hour, appellant was to pay 75 cents for each additional hour or fraction thereof, as was provided for by the contract. The overtime for which appellee was to be entitled to charge, was ascertained as follows: When one of the appellee's wagons arrived at a platform of appellant, an agent of appellee, who was stationed there, would receive from the driver, duplicate reports upon which he would mark the time of its arrival. The wagon would then be unloaded by servants of appellant and when that was done, an agent of appellant at the warehouse would endorse on the duplicate reports the time when the wagon was unloaded. It was agreed between appellant and appellee that these

drivers' reports should constitute the record of the overtime, one copy being retained by each party. When a wagon had become empty and appellant had no team there to hitch to it, it was marked a dead wagon and under the agreement between the parties, no charge could be made for a dead wagon. The only way of determining what was due appellee, if anything, for overtime, was from these drivers' reports, some 10,000 of which appear to have been produced upon the trial. They were offered and admitted in evidence, but the suggestion was then made by counsel that some agreement would be entered into, to obviate the encumbering of the record with these reports later on. No such arrangement, however, is shown to have been made and the reports are not included in the record.

The trial of the case in the court below was interrupted from time to time to give the witness Morrison opportunity to examine the reports and he was then permitted to state the result of his examination. He, having examined all the drivers' reports, testified that they, as a whole, showed the amount due appellee for overtime, to be $1386.20, from which there was a small reduction to be made for errors which reduced the amount to $1382.72, the amount of the judgment. Morrison also testified that according to the reports $415.55 of the total amount of overtime, ascertained by him, was shown to be due for dead wagons. The 29 voucher checks introduced by appellant, covering the period in question, all contained the words "in full payment of the following memo." Many of them contained the statement that they were given "in full and complete payment of all charges for transfer and terminal expense at St. Louis and East St. Louis" to a date named. Others stated they were "in full for transfer and warehouse charges on merchandise between East St. Louis and St. Louis" for a time named,

28    APPELLATE COURTS OF ILLINOIS.

East St. L. and St.. L. Ex. Co. v. Ill. Trac. Co., 169 Ill. App. 24.

and still others that they were "in full settlement
of transfer and warehouse charges" for a certain
month. An examination of these vouchers fails to
show any allowance for overtime and the court prop-
erly admitted the evidence of Mr. Morrison, explain-
ing that under the working arrangement and custom
of both parties the over charges were not included
under the term "transfer and warehouse charges," but
that they had been, and were to be, settled for separate-
ly. The wording of the vouchers did not, under the
circumstances, bar appellee of the right to recover
for overtime. It appears from the record, however,
that it was agreed between the parties, that the
drivers' reports should constitute the record of the
overtime and the proof of such overtime on the trial
was based entirely upon these reports. As appellant
must be bound by what these reports show as to the
overtime, so, also, appellee must be bound by what
they show as to the dead wagon charges. They show
that the dead wagon charges amounted to $415.55
and the judgment in favor of appellee was too large
by that amount.

Appellant complains that the only instruction giv-
en for appellee was misleading, because there was no
evidence to support it. It told the jury that if at
the expiration of the written contract, it was agreed
between appellant and appellee, that they should con-
tinue on under its terms, that then the terms of said
written contract would govern the charges made dur-
ing the time they so continued to act thereunder. This
instruction stated a correct principle of law and the
testimony of the only witness in the case supplied
the facts upon which it was properly based.

Appellant further complains that its second instruc-
tion, which told the jury that appellee could not re-
cover, if it appeared from the evidence that settle-
ments were made between appellant and appellee each

and every month and at such times appellee received from appellant vouchers covering the full amount due appellee, was modified by inserting the words "including the claim for overtime." Under the proofs in the case this modification was eminently proper and without it the instruction would have been misleading.

Appellant also complains that the court erred in refusing its instructions Nos. 5 to 22 inclusive but does not state of what the error consisted. An examination of these instructions, many of which take up the voucher checks referred to, in order, and state that if appellee received the money provided to be paid therein, it could not recover, under the declaration. any amount claimed to be due prior to the date named in the voucher, shows that they were all properly refused.

If appellee shall within twenty days from this date enter a *remittitur* of $415.55, judgment will be entered in this court for $967.15, otherwise the judgment will be reversed and the case remanded.

*Affirmed on remittitur.*